## SARAH A. CLARK vs. ELLIS PACKARD, Executor.

A testator devised to his daughter H. one third part of a certain farm, "but if my executor shall think best to sell said farm, then I give to her one third part of the proceeds of the sale of said farm;" to his daughter S. one third part of the same farm, "or if said farm is sold, then one third part of the proceeds of the sale of said farm;" and after a devise to his daughter A. in the same words as to S., added, "And I hereby authorize my executor to sell and pass deeds to convey said farm in such manner as he may think best for all concerned; and divide the proceeds as above directed; but if he should think best not to sell the same, then they may take the farm." After the making of his will, the testator in his lifetime sold the farm. *Held*, that S. was entitled to one third of the proceeds of such sale.

ACTION OF CONTRACT under the will of Micah Packard, the plaintiff's father, which contained these clauses:

"I give to my daughter Harriet one third part of the farm which was conveyed to me by Jesse Perkins as administrator of the estate of Daniel Field, deceased. But if my executor shall think best to sell said farm, then I give to her one third part of the proceeds of the sale of said farm.

"I give and bequeath to my daughter Sarah Ann Clark, wife of George Clark, to her sole and separate use, free from the interference or control of her husband, and to her heirs and assigns, one third part of the farm which was conveyed to me by Jesse Perkins as administrator of the estate of Daniel Field, deceased; or if said farm is sold, then one third part of the proceeds of the sale of said farm.

"I give and bequeath to my daughter Adaline Packard, wife of Charles J. F. Packard, to her sole and separate use, free from the interference or control of her husband, and to her heirs and assigns, one third part of the farm which was conveyed to me by Jesse Perkins as administrator of the estate of Daniel Field, deceased; or if said farm is sold, then one third part of the proceeds of the sale of said farm.

"And I hereby authorize my executor to sell and pass deeds to convey said Field farm in such manner as he may think best for all concerned; and divide the proceeds as above directed; but if he should think best not to sell the same, then they may take the farm."

VOL. IX.                27

After making his will, the testator sold the Field farm, and then died. This action was brought by his daughter Sarah Ann Clark, mentioned in the will, to recover one third part of the price obtained on such sale, and was submitted to the decision of the court upon the facts above stated.

*J. White*, for the plaintiff.

*A. L. Cushing & W. P. Field*, for the defendant. 1. The intent is to be gathered from the whole will, and one clause is to be interpreted by considering it with all the others. *Richardson* v. *Noyes*, 2 Mass. 56. *Foote, appellant*, 22 Pick. 302. *Brimmer* v. *Sohier*, 1 Cush. 118. *Malcolm* v. *Malcolm*, 3 Cush. 477. *Morton* v. *Barrett*, 22 Maine, 265.

2. From the devise to his daughter Harriet preceding, and the direction to executors following, the clause in question, it is plain that no other sale than that by executors was intended, and the necessary words may be supplied. *Doe* v. *Micklem*, 6 East, 486. *Ray* v. *Enslin*, 2 Mass. 554. *Bowers* v. *Porter*, 4 Pick. 208.

3. The devise being specific, the testator by subsequently conveying away the estate revoked the will *pro tanto*. *Goodtitle* v. *Otway*, 7 T. R. 399. *Newbold* v. *Roadknight*, Taml. 492. *White* v. *Winchester*, 6 Pick. 48. *Hawes* v. *Humphrey*, 9 Pick. 350. *Brown* v. *Thorndike*, 15 Pick. 388. 1 Jarman on Wills, 147.

MERRICK, J. The defendant's testator, in and by his last will, gave and bequeathed to the plaintiff, and to her heirs and assigns, one third part of the farm which had been conveyed to him by the administrator of the estate of Daniel Field, or, if the farm should be sold, one third of the proceeds of its sale. This then was a devise in fee of one third of the farm, or a bequest of a certain sum of money, to be ascertained by computation, dependent upon the contingency of the sale of the farm. He did sell it in his lifetime, and received the consideration for which it was sold. Instead therefore of taking any part of the real estate by devise, the plaintiff became entitled to receive as a legatee, after the will had been duly proved and allowed, the proportionate share of the proceeds of its sale, which had been bequeathed to her instead of it.

This is the obvious and natural meaning of the words which are used by the testator in the clause of his will in which he makes provision for the plaintiff. And there is nothing in any other part of the will, tending to show that a different interpretation ought to be given to it, or that the testator intended anything different from this upon the occurrence of any contingency. If there had been no provision beyond the mere devise of the real estate, no doubt the sale of it would have operated as an ademption; and if the legacy had been bequeathed upon a contingency which could never occur, the legatee could not have recovered it, and it must have been lost. Thus in a prior clause of the will he devised one third part of the same farm to his daughter Harriet; but if his executor should think proper to sell the farm, then and in that case he bequeathed to her one third of the proceeds of the sale. But as the farm was disposed of by the testator himself in his lifetime, both the devise and the legacy necessarily failed; the devise, because there was nothing at the testator's decease upon which it could take effect, and the legacy because the contingency of a sale by the executor had become impossible. But these two clauses of the will are entirely distinct and separate; and the circumstance that one of the daughters, whether through accident, mistake or design, derives no advantage from the provisions contained in one of these clauses, affords no reason why another should not avail herself of the benefit of a legacy which is bequeathed to her in words apt, significant and sufficient to bestow it.

The part of the will, which confers on the executor authority to sell and pass deeds to convey the Field farm in such manner as he may think best for all concerned, has been referred to by the counsel for the defendant, as having a tendency to show that this was the only contingency contemplated by the testator, upon which it was his purpose to bequeath to each of his daughters one third part of the proceeds of the sale of the farm, as a substitute for and in the place of a devise to her of a share in the farm itself. It is possible, and perhaps probable, that this was so; that he did not then anticipate that he should himself ever make sale of the estate. But if this be true, it only

shows his fixed purpose to make a certain provision for them either by a devise of the land or a bequest of an equivalent And this purpose, plainly manifested in the will, is not to be de feated by mere operation of law, in consequence of any subse quent act or occurrence which is not so at variance with its provisions in relation to that purpose as necessarily to operate to that extent an ademption of it. So far from the sale of the farm by the testator being inconsistent with the bequest of a portion of the proceeds of its sale to Sarah, the sale, without any restriction or qualification of the time when, or the person by whom, it shall be made, is specified as the event upon the occurrence of which the legacy of money is to be substituted for a devise of the land. The defendant is therefore, upon the facts agreed, to be defaulted, and the plaintiff is entitled to judgment for the amount of the legacy, with interest from the time of demand upon the executor for its payment.

*Judgment for the plaintiff.*